UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

IGNACIO MENDEZ-GIL

    Defendant.
_____/

No. CR 10-222 PJH

**ORDER RE: REQUEST FOR REVIEW OF SENTENCE COMPUTATION AND NOTICE RE: SECTION 2255 MOTION**

    Before the court is the motion of defendant Ignacio Mendez-Gil, appearing pro se, for review of his sentence computation by the Bureau of Prisons ("BOP"). Mendez-Gil is currently serving a sentence imposed by this court. Mendez-Gil pleaded guilty to one count of felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. On June 22, 2011, the court sentenced Mendez-Gil to 92 months in prison and 3 years of supervised release.

    On September 8, 2014, Mendez-Gil filed a request for the court to review the computation by the BOP of credit for time served to be applied to his sentence. Doc. no. 30. Mendez-Gil contends that he was arrested and detained on February 15, 2010, but that the BOP has computed jail credit beginning February 19, 2011, based on a sentence monitoring computation data document. Mendez-Gil contends that his sentence is essentially increased by one year by computing jail credit as of February 2011 instead of February 2010. Mendez-Gil contends that his attorney told him that he would receive credit

from the day he was arrested, and that this was an important factor that he considered when he agreed to plead guilty.

## I.     Request for Review of Time Credit Computation

If Mendez-Gil disputes the BOP's computation of jail credit, he must first seek relief from BOP. The court lacks authority to grant and compute prison credits. *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992) (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992) ("[W]e conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing.")). A federal prisoner must exhaust his administrative remedies through the BOP before seeking judicial review of the computation of his sentence. *See Checchini*, 967 F.2d at 350. *See also Chua Han Mow v. United States*, 730 F.2d 1308, 1313-14 (9th Cir. 1984) ("The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate can seek formal review of a complaint which relates to any aspect of his imprisonment.") (citing 28 C.F.R. §§ 542.10-542.16). A federal prisoner may then seek judicial review of the execution of the sentence, rather than challenging the propriety of the sentence itself, by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241, addressed to the district court in the district where appellant is confined. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). As Mendez-Gil has not demonstrated exhaustion of administrative remedies, or that pursuing administrative remedies would be futile, the request for relief from the BOP's credit computation is DENIED without prejudice.

## II.     Challenge to Sentence Based on Ineffective Assistance of Counsel

To the extent that Mendez-Gil seeks to challenge his sentence based on a claim of ineffective assistance of counsel in the plea process, such a motion to vacate, set aside or correct the sentence is governed by 28 U.S.C. § 2255. *See Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.")) (internal citation and quotation marks omitted). Although Mendez-Gil did not

characterize his request for sentence relief as a § 2255 motion, an application filed in the sentencing court, and substantively within the scope of § 2255, is a motion under § 2255, regardless of how the prisoner captions the application. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion was construed as a habeas petition)).  However, a court may not recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to do so.  *Castro v. United States*, 540 U.S. 375, 377 (2003).  As the Ninth Circuit Court of Appeals explained:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2001).  If this is not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.  *Castro*, 540 U.S. at 377.

The instant motion seeks relief from the BOP time credit computation and does not expressly allege ineffective assistance of counsel as grounds to vacate, set aside or correct the sentence pursuant to § 2255.  Thus, the court will provide Mendez-Gil an opportunity to clarify whether he seeks relief pursuant to § 2255 and provide him notice of the potential adverse consequences of treating his request for relief as a § 2255 motion.  That is, before recharacterizing the instant motion as a motion to vacate, set aside or correct his sentence pursuant to § 2255, the court provides Mendez-Gil with notice that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, *Castro*, 540 U.S. at 383, and an opportunity to withdraw the motion under procedures set forth in *Seesing* and *Castro*.

In the interest of managing the court's docket, the court will set a deadline of 60 days from the date of this order by which Mendez-Gil must either (1) consent to having the motion for sentence relief construed as a § 2255 motion, or (2) file a new § 2255 motion, if he chooses not to consent to recharacterizing the instant motion as a § 2255 motion. In the event that Mendez-Gil consents to having the motion for sentence relief construed as a § 2255 motion, the court notes that the motion may be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). A motion to vacate, set aside or correct a federal sentence under § 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented petitioner from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). In appropriate circumstances, the statute of limitations in § 2255 may be subject to equitable tolling. *United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). If Mendez-Gil seeks relief under § 2255 based on a claim of ineffective assistance of counsel, he should address whether there are grounds for equitable tolling of the limitations period.

**III.     *Castro* Notice**

The court hereby provides notice of the potential adverse consequences of recharacterizing the request for sentence relief as a § 2255 motion:

**NOTICE**

The court may not recharacterize a pro se litigant's motion as a first § 2255 motion unless either the pro se prisoner consents, with knowledge of the restrictions on second or successive motions, or the court offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. *Castro*, 540

4

U.S. at 383; *Seesing*, 234 F.3d at 464. "Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period." *Seesing*, 234 F.3d at 464.

Under *Castro* and *Seesing*, the court **HEREBY NOTIFIES** Mendez-Gil that he must either (a) file a statement consenting to the recharacterization of his request for sentence relief as a motion to vacate, set aside or correct the sentence under § 2255, or (b) withdraw the instant request and file a motion bringing all claims for relief pursuant to § 2255 in a single, all-inclusive motion.  Failure to assert all of the grounds for relief in a single motion may preclude Mendez-Gil from asserting other grounds in a second or successive § 2255 motion. **If Mendez-Gil does not file a response to this notice within sixty (60) days, the court will deny the request for sentence relief without prejudice and will not construe the request as a § 2255 motion.**

## CONCLUSION

For the foregoing reasons, the request for relief from the BOP's credit computation is DENIED without prejudice.  Furthermore, IT IS ORDERED that for the request for sentence relief to be recharacterized as a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, Mendez-Gil may, **within sixty (60) days of the date of this order**, either

(a)  file a statement indicating his consent to recharacterizing his motion as a § 2255 motion and addressing why the motion is not untimely; or

(b)  withdraw the present motion and file a single, all-inclusive § 2255 motion that asserts all his claims for collateral relief and sets forth facts demonstrating why the motion is not untimely.

If within sixty (60) days of the date of this order, the court has received nothing from Mendez-Gil, the request for sentence relief (doc. no. 30) will not be construed as a § 2255 motion and will be DENIED without prejudice.

**IT IS SO ORDERED.**

Dated:   November 26, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge